Ellis GRAY, Petitioner,

v.

Peter D. KEISLER,* Attorney General, and Michael Chertoff, Dep't of Homeland Security, Respondents.

No. 05–6088–ag.

United States Court of Appeals, Second Circuit.

Nov. 2, 2007.

* Pursuant to Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Harry A. Demell, New York, NY, for Petitioner.

Varuni Nelson, Assistant United States Attorney for the Eastern District of New York (Roslynn R. Mauskopf, United States Attorney, Steven Kim, Assistant United States Attorney, of counsel), Brooklyn, NY, for Respondents.

PRESENT: Hon. AMALYA L. KEARSE, Hon. ROBERT D. SACK, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Ellis Gray, a citizen of Belize and a lawful permanent resident of the United States, petitions for review of an October 17, 2005 BIA decision affirming the July 13, 2005 decision of Immigration Judge Alan Vomacka. The BIA denied petitioner's motion to terminate removal proceedings, rejecting petitioner's argument that the government should be equitably estopped from denying that petitioner derived citizenship from his mother under former 8 U.S.C. § 1432 (repealed 2000), which was in effect at the time Gray turned eighteen. Further, the BIA found that petitioner was barred from seeking cancellation of removal under 8 U.S.C. § 1229b(a)(3) because he had been

convicted of an aggravated felony. *In re Ellis Joseph Gray,* No. A 41 926 232 (B.I.A. Oct. 17, 2005), *aff'g* No. A 41 926 232 (Immig. Ct. N.Y. City, July 13, 2005). We assume the parties' and counsel's familiarity with the facts and procedural history of this case, and the scope of the issues presented by this petition.

■ During oral argument, petitioner appeared to abandon the argument that but for the INS's unreasonable delay in processing his mother's application for naturalization he would have met the material conditions for derivative citizenship under 8 U.S.C. § 1432 and that, therefore, the government should be equitably estopped from denying that he derived citizenship under the statute. The argument was in any event without merit. "The doctrine of equitable estoppel is not available against the government except in the most serious of circumstances and is applied with the utmost caution and restraint. Specifically, estoppel will only be applied upon a showing of affirmative misconduct by the government." *Rojas–Reyes v. I.N.S.,* 235 F.3d 115, 126 (2d Cir.2000) (citations and internal quotation marks omitted). A showing "only that the Government failed to process promptly an application falls far short of establishing [affirmative misconduct]." *INS v. Miranda,* 459 U.S. 14, 19, 103 S.Ct. 281, 74 L.Ed.2d 12 (1982). Thus, "unexplained delay in processing does not give rise to estoppel." *Dhine v. Slattery,* 3 F.3d 613, 618 (2d Cir.1993). Accordingly, there was no showing of affirmative misconduct here.

■ The BIA also properly determined that petitioner's conviction of attempted criminal possession of a controlled substance qualifies as a conviction of an aggravated felony and bars petitioner from

obtaining discretionary relief in the form of cancellation of removal under 8 U.S.C. § 1229b(a)(3).

As defined in 8 U.S.C. § 1101, "[t]he term 'aggravated felony' [encompasses] ... illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)." 8 U.S.C. § 1101(a)(43)(B). An "attempt ... to commit" illicit trafficking in controlled substances is also an aggravated felony. 8 U.S.C. § 1101(a)(43)(U). 18 U.S.C. § 924 further specifies that "the term 'drug trafficking crime' means any felony punishable under the Controlled Substances Act (CSA)(21 U.S.C. § 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.), or chapter 705 of title 46." 18 U.S.C. § 924(c)(2).

Petitioner was convicted under New York law of attempted criminal possession of a controlled substance in the third degree. "A person is guilty of criminal possession of a controlled substance in the third degree when he knowingly and unlawfully possesses ... a narcotic drug with intent to sell it." N.Y. Penal L. § 220.16(1) (McKinney 2000). This crime is a Class B felony under New York law, *id.,* and an attempt to commit this crime is a Class C felony under New York law, N.Y. Penal L. § 110.05(4) (McKinney 2004).

"[A] state offense constitutes a 'felony punishable under the Controlled Substances Act' only if it proscribes conduct punishable as a felony under that federal law." *Lopez v. Gonzales,* —— U.S. ——, 127 S.Ct. 625, 633, 166 L.Ed.2d 462 (2006). "[T]he crimes the [Controlled Substances Act] defines as 'felonies' are those crimes to which it assigns a punishment exceeding one year's imprisonment." *Id.* at 631 n. 7.

Under the Controlled Substances Act, it is a crime for "any person knowingly or intentionally . . . [to] possess with intent to manufacture, distribute, or dispense, a controlled substance." 21 U.S.C. § 841(a)(1). This crime is punishable by a term of imprisonment greater than one year, 21 U.S.C. § 841(b)(1)(C), and, therefore, constitutes a felony under the CSA. And because the CSA dictates that attempt offenses are "subject to the same penalties as those prescribed for the offense [itself]," 21 U.S.C. § 846, attempted possession of a controlled substance with intent to distribute is also a felony under the CSA.

The BIA correctly concluded that the conduct proscribed by N.Y. Penal L. §§ 220.16(1) and 110, the New York statutes under which petitioner was convicted, would also be punishable under 21 U.S.C. §§ 841(a)(1) and 846 of the CSA. Consequently, petitioner has been convicted of an aggravated felony and is barred from cancellation of removal by the terms of 8 U.S.C. § 1229b(a)(3). Petitioner's argument that the plain meaning of drug trafficking does not comport with the conduct for which he was convicted is meritless.

For the foregoing reasons, the petition for review of the order of the Board of Immigration Appeals is hereby DENIED.